## MUSSER & CO. v. HOBART et al.

1. PLEADINGS: ACTION AGAINST FEME COVERT. When the petition in an action against a husband and wife for the value of certain personal property alleged, that it was purchased for the use and benefit and at the especial instance and request of the wife, and was used in and about her premises, it was held that it was sufficiently alleged that the contract was in reference to her separate property.

2. PRACTICE: AFTER DEMURRER. Upon the overruling of a demurrer to a petition, if the defendant fails to plead over, he should be regarded as in default, merely; and final judgment should not be rendered for the plaintiff, without evidence sustaining his cause of action.

*Appeal from Johnson District Court.*

WEDNESDAY, DECEMBER 10.

ACTION by Musser & Co., against W. Hobart and Sarah A. Hobart, his wife, for balance due on account of lumber and shingles sold and delivered to said defendants. The petition alleged that the wife "has, or claims to have, the entire control or ownership of all their real and personal property; that the said bill of lumber and shingles so sold and delivered was for the use and benefit" of the said Sarah A. Hobart; that they were purchased at her special interest and request, and were used in and about her premises. C. W. Hobart answered, denying his own liability, and alleging that the property was bought at the instance and request of, and was used on the premises of his wife. Sarah A. Hobart demurred, assigning, as reason therefor, " that it appears from said petition that she is a married woman, but fails to show that this suit is upon her contract in reference to her separate property, or that it purports to bind herself only." Demurrer overruled. The subsequent proceedings are stated in the opinion of the court. The defendant appeals.

*Clarke & Davis* for the appellant.

*Z. C. Luse* for the appellee.

BALDWIN, C. J.—The defendant demurred to the plaintiff's petition, and assigned, as a cause of demurrer, that the petition showed no cause of action against the wife, as it represented her as a married woman, but fails to show that the suit is upon her contract in reference to her separate property.

The petition is sufficiently specific upon this point. It is averred that she has, or claimed to have, the entire control and ownership of all their real estate, and the personal property; that the bill of lumber and shingles, for which plaintiff seeks to recover, was purchased for the use and benefit of, and at the special instance and request of, the wife, and used in and about her premises. This is a sufficient averment that the contract was made by the wife, in relation to her separate property; and it was not error in the court to overrule the demurrer.

The suit was dismissed, as against the husband. The wife stood upon the demurrer, and refused to answer over. At the request of the plaintiff, judgment was rendered upon the demurrer, without proof as to the items of the account sued on. In this there was error. Section 3086, of the Revision of 1860, provides that "upon the decision of a demurrer, if the unsuccessful party fail to amend or plead over, the same consequences follow as though a verdict had passed against the plaintiff, or the defendant had made default, as the case may be." The defendant, in this case, being the unsuccessful party, and having failed to amend or plead over, could be regarded only as in default for want of answer. When a judgment is rendered by default, there must be an assessment of damages. If it is a mere money demand, and the amount of the judgment a mere matter of computation, the clerk shall ascertain the amount; if upon an account, the court must hear proof to ascertain the amount due.

Affirmed.