## ELIZA NIXON

*v.*

## JOHN HALLEY.

1. PRACTICE IN SUPREME COURT—*remittitur.* If a party in this court remits the amount of a particular item of account included in his judgment, this will obviate any conceived error in refusing an instruction relating to such item.

2. Costs—*remittitur in Supreme Court.* Where the defendant below brings the cause to this court, and the plaintiff remits here a portion of the judgment, which was one of the grounds of error assigned, the party thus entering the *remittitur* will be required to pay all the costs which had accrued in this court up to that time.

3. Married women—*liability on their contracts—estoppel.* If a married woman is in the possession of property, claiming to own and controlling the same, and, on her declaration of ownership, employs a party to make improvements on the same, under the belief that it is her separate property, she will be estopped from denying that she owned the same, when sued for the value of the labor performed.

4. It is sufficient, to make a married woman liable, that she is in possession of real property, claiming to own the same in her own right, and, as such, employs another to perform labor upon the same. In such a case, it is wholly immaterial whether she has any title to the same or not.

5. Lex loci. The validity of a contract of a married woman, in respect to her separate property, or property claimed by her, is determined by the laws of the State where the same is made.

Writ of Error to the Circuit Court of DeKalb county; the Hon. Theodore D. Murphy, Judge, presiding.

Mr. R. L. Divine, and Mr. John J. McKinnon, for the plaintiff in error.

Mr. H. A. Jones, for the defendant in error.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of assumpsit, brought by John Halley, against Eliza Ball, to recover a certain sum of money claimed to be due for labor performed and goods furnished, in the years 1861 and 1862, in the State of Iowa.

A trial of the cause was had before a jury, which resulted in a judgment in favor of the plaintiff, to reverse which the defendant has brought this writ of error.

On the trial, the defendant requested the court to give to the jury the three following instructions:

"The jury are instructed, as matter of law, that the items in plaintiff's bill of particulars in this case, of $17.40, bal-

ance of an old account, can not be recovered for in this case, in the absence of testimony to show that it originally accrued under or by means of a contract relating to the defendant's separate property.

"Although the jury may believe, from the testimony, that, at the time of the making of the alleged contract between plaintiff and defendant to render services upon the dam or mill property in Iowa, and to furnish material and labor for the same, the defendant claimed and represented herself to be the owner of such dam and mill property, still the defendant in this suit has the right to show that she was not such owner in fact; and if the testimony fails to show she was such owner in fact, or that some other person was such owner at that time, then, as to all such services, labor and materials, the jury should find for the defendant.

"Unless the testimony in this case shows that, at the time of the alleged contract for the rendition of services and furnishing of materials and labor by the plaintiff, for the defendant, upon the dam or mill property in Iowa, the defendant was in fact the owner of such dam and mill property as her own separate estate, then, as to all such services, labor and materials, the jury should find for the defendant."

These instructions the court refused, and the decision of the court is relied upon as error.

The plaintiff, since the cause has been pending in this court, has remitted from the judgment recovered that portion of the account mentioned in the first refused instruction, which obviates the necessity of considering the decision of the court in its refusal.

In order to comprehend fully the questions involved in the second and third refused instructions, and their legitimate bearing in the case, a brief reference to the leading facts becomes necessary.

It appears, from the record, that the defendant was the wife of one Daniel H. Ball; that the mill property upon

which the plaintiff performed the labor, to recover for which this action was instituted, was at one time owned by James A. Ball, a son of defendant's husband. In the spring of 1859, John A. Ball, after having mortgaged the property, moved to California, and never returned. In the fall of 1861, it became necessary to make certain repairs on the dam of the mill property, and Daniel H. Ball went to Iowa to the property, from his residence in this State, for the purpose of making the repairs. Upon his arrival, he had an interview with the plaintiff, and employed him to work a few days on the property, until the defendant should arrive. Other hands were employed, and a family placed in the mill house to board the hands.

In a few days, the defendant followed her husband. Upon her arrival, as was clearly established by two witnesses, she discharged the family her husband had placed in the mill house; declared she was the owner of the property; that her husband was only her agent; she employed the plaintiff and his wife to move into the mill house, and requested the plaintiff to work upon the mill.

The labor was performed in the fall of 1861 and spring of 1862, and as late as 1864 the defendant, still recognizing her liability, sent the plaintiff a message, in which she declared she would pay the plaintiff, if she never paid another debt.

But it is insisted that the testimony showed that the defendant was not in fact the legal owner of the property, and the theory of the second and third refused instructions was, if she was not in fact the legal owner, then no recovery could be had.

This position can not be maintained. The defendant was in the actual possession of the property. She held herself out to the world as the owner. She declared her husband to be her agent, which declaration he confirmed. She claimed, directed and controlled the premises as her own separate property. She is now estopped from denying title, when sued

by one induced to labor on the faith of her representations and declarations.

The defendant being in the possession, claiming to own the property, so far as the rights of her employees are concerned it was of no consequence whether she in fact owned the property or not.

It can not be expected that, every time an employee of a married woman sues for a day or a month's labor, performed, at her request, upon a farm in her possession, and claimed to be her own separate property, he will come prepared to establish title to the farm upon which he labored, in his employer, and yet the principle announced in the instructions, carried to its legitimate results, would require such to be done.

The plaintiff could not be expected to know whether the legal title to the property was in the defendant, or whether she had a mere equity, or whether in fact she had any subsisting title in the premises. It was sufficient, for the purposes of this case, that she was in the possession, and claimed to be the owner in her own right, and, as such, employed the plaintiff, and caused the labor to be performed.

It therefore follows that the defendant's instructions were properly refused.

The contract under which the plaintiff performed the labor was made in the State of Iowa, where the rule of the common law that a married woman can not bind herself by contract, in relation to her own property, is not in force.

Under the statute of that State, a married woman has the power to make contracts and bind herself for services and labor performed, at her request, upon property in her possession, such as was performed by appellee. *Musser & Co.* v. *Hobart*, 14 Iowa, 248.

The evidence in regard to the employment and performance of the labor was ample to authorize the verdict of the jury.

In addition to this, it was proven, by the testimony of at least two witnesses, that, in 1864 and 1865, the defendant,

then in this State, conceded the justness of the debt, and promised to pay it.

Upon the whole record, we are satisfied justice has been done, and that no substantial error appears.

The judgment will therefore be affirmed.

A *remittitur* having been entered in this court by the defendant in error, all the costs of this court which had accrued before the *remittitur* was entered, will be taxed against him.

*Judgment affirmed.*