S. A. MONTIS v. J. S. McQUISTON, Auditor, C. MURPHY, Treasurer, and the BOARD OF SUPERVISORS OF POLK COUNTY, Appellants.

**Equalization of Taxes:** CITY AND COUNTY. McClain's Code, section 1313, authorizes the county board to equalize tax assessments in townships and cities in its county; and Acts Twenty-third General Assembly, chapter 3, authorizes the division of the city of Des Moines into assessment districts, with an assessor in each. *Held*, that the county board cannot equalize assessments in the several districts of the city, since its power is restricted to equalizing assessments in cities as a whole.

REMEDIES: *Injunc ion.* An action lies to enjoin the collection of taxes based on an illegal increase made by the county board.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, APRIL 5, 1899.

PLAINTIFF, a taxpayer in the Seventh assessorial district of the city of Des Moines, brings this action, for himself and the other taxpayers of said district, to enjoin the collection of the taxes based on an increase of twenty per cent. on the valuation of all the real estate in said district for the year 1897, made by the defendant board, as is alleged, without warrant of law and illegally. Defendants' demurrer to the petition was overruled, and, they refusing to further plead, a decree was rendered against them as prayed, from which they appeal.—*Affirmed.*

*W. G. Harvison* for appellants.

*Read & Read* for appellee.

GIVEN, J.—I.  The petition shows that the city of Des Moines is divided into nine assessorial districts, with an

assessor in each; that plaintiff owns, and pays taxes on, real estate in the Seventh district, and that the defendant board, sitting as a board of equalization, raised the valuation of all real estate in said district twenty per cent. in excess of the valuation fixed by the assessor and by the city board of equalization; also, that, unless restrained, the defendant will proceed to assess and collect taxes based upon said increased valuation. Defendants demurred "for that the facts therein stated do not entitle the plaintiff to the relief demanded."

II. Appellants contend, in argument, that plaintiff's remedy was by appeal from the action of the defendant board, or by *certiorari*. It is insisted that this contention was not made in the district court, and therefore cannot be considered in this court. The contention is answered in *Rood v. Board*, 39 Iowa, 444, where it is said: "In this state, however, it has been uniformly held that if the tax is illegal, and not merely irregular, its enforcement will be restrained by injunction,"—citing cases. This increase is not merely irregular. It is either legal or illegal; and, if the latter, injunction will lie.

III. We now come to the real question in controversy, namely, whether the defendant board had power to make the increase that they did. The law as it was in 1897 vested the power to equalize individual assessments in township trustees and city councils. The county board was authorized to "equalize the assessments of the several townships, cities and incorporated towns of their counties,—substantially as the state board equalizes assessments among the several counties of the state." McClain's Code, section 1313.

The state board equalized among the counties by adding to or taking from the aggregate valuation of real property which they believe to be valued below or above its proper valuation. See McClain's Code, sections 1309 to 1315 inclusive. It is not questioned but that, under these statutes, county boards could only equalize by adding to or taking from the aggregate valuations of the townships, cities, and incor-

porated towns of their counties; but it is contended that as the city of Des Moines was divided into districts, as authorized by chapter 3, Acts Twenty-third General Assembly, with an assessor in each, the districts are for these purposes the same as townships, undistricted cities, and incorporated towns, and that the districting of a city gives to the county board power to equalize as between the districts. That the law so framed would be symmetrical, and probably wise, may be true, but it is not so framed. The power of county boards is plainly limited to equalizing by adding to or taking from the aggregate valuation of townships, cities, and towns as a whole, and not as to parts thereof. It is urged in argument that inequality may exist in the valuations in different districts, and that, unless the county board may equalize among the districts, injustice will be done, for which no remedy is provided. The powers of the city board are ample to remedy such wrongs, by raising or lowering individual assessments throughout the city. Appellants cite *Getchell v. Supervisors,* 51 Iowa, 107. While some of the reasoning in that case is entitled to consideration, the conclusion does not support appellant's contention. It was held not competent for the county board to equalize between individuals, nor between different parts of the same city, then constituting one district. The facts in that case are so different from this that it is not controlling. We think the decree is correct, and it is AFFIRMED.