W. C. Smith, Appellee, v. A. O. Peterson, Treasurer of Emmet County, Iowa, Appellant.

Drainage Tax: constitutionality of statutes: partial invalidity.

1　Where the different parts of a statute are interdependent so as to preclude the idea that the legislature intended them as separate enactments, the unconstitutionality of one part will invalidate the whole act, and under this rule Code, section 1946,

having been held unconstitutional, the entire scheme of taxa-
tion for the construction of drainage ditches as embodied in
Code, section 1939 to 1951, is void.

Injunction: VOID TAX: ESTOPPEL. Equity will enjoin the col-
2  lection of a tax levied without jurisdiction, though there may
be a remedy at law; and delay in bringing action will not work
an estoppel.

*Appeal from Emmett District Court.*—HON. W. B. QUAR-
TON, Judge.

WEDNESDAY, MAY 4, 1904.

ACTION in equity to enjoin the collection of tax levied
for the construction of a ditch. Decree for plaintiff, and de-
fendant appeals.—*Affirmed.*

*N. J. Lee* and *C. W. Crim* for appellant.

*W. A. Ladd* and *N. T. Guernsey* for appellee.

WEAVER, J.—This case involves the validity of a tax
assessed to pay for the construction of a ditch under the pro-
visions of Code, sections 1939 to 1951, and comes to us upon
the appeal of the defendant from the judgment of the dis-
trict court overruling a demurrer to plaintiff's petition.
Plaintiff's land consists of two large tracts, but one of which
is adjacent to the ditch, although both are assessed for a part
of the expense of construction on the theory that both are
benefited by the drainage thus afforded. No notice of the
proceedings or assessment was served on plaintiff except the
notice provided for by section 1940, addressed to owners of
lands through or abutting upon which the ditch was proposed
to be located. The collection of these taxes is sought to be
enjoined on the theory that the statute authorizing the same
is unconstitutional and void, and this is the principal question
argued by counsel. In the late case of *Beebe v. Magoun,* 122
Iowa, 94, we held that the provision of Code, section 1946,
by which land "in the vicinity of the ditch" is made subject

to assessment for a part of the cost of construction, is void, because it fails to provide for any notice to the owners of such lands. It is obvious that under the rule thus established the tax assessed upon that part of plaintiff's lands not adjacent to the ditch must be held to be unauthorized and void, and as to such lands the decree below must be affirmed.

It remains to be considered whether the tax may be enforced as to lands which are adjacent to the ditch, the owners of which did have the notice provided for in section 1940.

1. CONSTITUTIONALITY of statutes: partial invalidity. That a statute may be held unconstitutional and void in part, yet valid and effective in other respects, has often been held. *State v. Santee,* 111 Iowa, 1; *Huntington v. Worthen,* 120 U. S. 97 (7 Sup. Ct. Rep. 469, 30 L. Ed. 588); *Field v. Clark,* 143 U. S. 696 (12 Sup. Ct. Rep. 495, 36 L. Ed. 294). On the other hand, if the different parts of the statute "are so mutually connected with and dependent on each other as conditions, considerations, or compensations for each other as to warrant a belief that the Legislature intended them as a whole, and that, if all could not be carried into effect, the Legislature would not pass the residue independently, and some parts are unconstitutional, all the provisions which are thus dependent or conditional or connected must fall with them." *Warren v. Charleston,* 2 Gray, 84; *Pollock v. F. L. & T. Co.,* 158 U. S. 601, 15 Sup. Ct. Rep. 912, 39 L. Ed. 1108). Assuming the law to be as above indicated, is the assessment of a part of the cost of the ditch upon lands not immediately adjacent thereto such an essential feature of the scheme or plan of the statute that its avoidance should invalidate the whole enactment? In our judgment, the question must be answered in the affirmative. The end sought to be attained by the statute is the construction of ditches where the same are required, and the assessment of the cost upon the entire district or area of land benefited by such improvement. A ditch of any considerable proportions along the low lands or swales of this state usually affords drainage more or less complete for lands to a considerable distance on either side.

Ditches such as are now ordinarily undertaken are enterprises of magnitude, involving the expenditure of large sums of money. To cast the entire burden upon the few whose lands lie in actual contact with the ditch, and relieve the many whose lands receive scracely less benefit, would be an injustice which we must assume the Legislature did not contemplate. In other words, we think it safe to say that the taxation of the cost of the ditch to all of the lands thereby benefited was so clearly contemplated by the Legislature, and so essentially necessary to a just and equitable distribution of the burden among those who ought to bear it, that the statute would not have been enacted without it. We conclude, therefore, that the unconstitutionality of the provision for taxing lands in the vicinity of the ditch so destroys the force and effectiveness of the plan contemplated by the Legislature that no part of it is enforceable. Appellant seeks to avoid the precedent afforded in *Beebe v. Magoun* by the suggestion that in this case plaintiff did have notice as owner of lands immediately adjacent to the ditch. This, we think, could not affect his rights as to lands which are confessedly not adjacent to the ditch, or through which the ditch is not constructed. If, however, the entire enactment is void because of its failure to require notice to owners of land in the vicinity which is sought to be taxed, then the service of the notice required by section 1940 would not give the board of supervisors any jurisdiction in the premises, and the whole proceeding is void *ab initio*. We regret that we are forced to this conclusion, for we are conscious that the law was designed to promote great public interests, and its invalidation will doubtless work no little hardship to many. The defect in the statute is, however, one which has been more or less apparent for some time, and the Legislature has already undertaken to remedy it.

Appellant also makes the point that plaintiff, in any event, has an adequate remedy at law, and that injunction will not lie to prevent the collection of the tax. Where a tax is levied wholly without jurisdiction or authority, the rule

relied upon by counsel does not apply. *Brandirff v. Harrison,*
50 Iowa, 164; *Ft. Dodge, etc. v. City,* 115 Iowa,
568; *Beebe v. Magoun, supra.* For like reason
we think there can be no estoppel by the failure
of plaintiff to act more promptly. Other questions are argued
by counsel, but our holding upon the constitutionality of the
statute renders their consideration unnecessary.

2. INJUNCTION:
void tax:
estoppel.

The judgment of the district court is AFFIRMED.