FRANK G. PIERCE, Appellee, v. THE EXECUTIVE COUNCIL OF
THE STATE OF IOWA; GEORGE W. CLARKE, ETC., Appellants.

**Mandamus:** OFFICERS: SUBSTITUTION OF PARTIES: APPLICABILITY OF
1  PLEADINGS. Where the personnel of the executive council changed
pending a suit to compel them as a board of review to reassess and
equalize the taxes and to assess public service corporations, only those
allegations of the petition which were applicable to the newly con-
stituted council were binding upon them; and as the only allega-
tions against the new council were that the old council had elected
to stand upon their demurrer to the petition, and that plaintiff
would ask judgment, which to be effective would have to run against
the new council, there was nothing in the pleading charging the
new council with refusal to perform its duty and hence there was
no authority to enter judgment against it.

**Same:** ASSESSMENT OF PROPERTY: EQUALIZATION: DUTY OF EXECUTIVE
2  COUNCIL. The state board of review is charged simply with equaliz-
ing the assessments among the several counties of the state; it has
no power of original assessment, except in the assessment of rail-
ways and other corporations. The duty of fixing a valuation upon
particular pieces of property rests primarily with the assessors.

**Same.** The county board of review is charged with the duty of equaliz-
3  ing township and town assessments, but it has no power to raise or
lower individual assessments; that duty rests with the township, city
or town.

**Same:** POWER OF EXECUTIVE COUNCIL. The power of the Executive
4  Council in the equalization of assessments is not wholly ministerial,
but it includes an exercise of judgment and discretion, which will
not be interfered with by the courts except for collusion or fraud.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN,
Judge.

TUESDAY, MARCH 24, 1914.

SUIT in equity to compel the executive council of the
state of Iowa, sitting as a Board of Review for the equaliza-
tion of taxes among the several counties of the said state,

and for the assessment of railway property in the state, to equalize assessments between the counties and to assess certain railway and other properties. Defendants demurred to the petition, and, their demurrer having been overruled, they elected to stand thereon, and decree was entered against them substantially as prayed. They appeal.

*George Cosson,* Attorney General, and *Henry Sampson,* Special Counsel, for appellants.

*Stipp & Perry,* for appellee.

DEEMER, J.—This action was originally brought in the year 1911 against the then members of the executive council of the state composed of the Governor, Secretary of State, Auditor of State, and Treasurer of State, who are *ex officio* made the Board of Review for the equalization of taxes among the several counties of the state, and charged with the duty of assessing railway, express and freight, telegraph, telephone, and equipment companies, doing business in the state. The then defendants filed several demurrers to the petition as amended, and on December 12, 1912, these demurrers were overruled and exception taken. Thereafter, and on the 22d day of April, 1913, the personnel of the executive council having changed, plaintiff filed a motion to substitute the newly elected members in place of the retiring ones, and on the same day an order of substitution was made and entered of record. On the 26th day of the same month, these defendants having appeared, they elected to stand on the demurrers theretofore filed, and a decree was entered against them, which, among other things, provided:

That you, the aforesaid defendants, the Executive Council of the State of Iowa, as and constituting the State Board of Review, George W. Clarke, Governor of Iowa, Wm. S. Allen, Secretary of State of Iowa, John L. Bleakly, Auditor of State of Iowa, and W. C. Brown, Treasurer of State of

Iowa, members of said Board of Review, be and you hereby are directed, ordered and commanded to convene at the Capitol Building in the city of Des Moines, Polk county, Iowa, on the second Monday in July, A. D. 1913, and then and there forthwith proceed to value and assess the property of all and singular the railway properties within the state of Iowa, and as well the property of all and singular the express companies, telegraph companies, and telephone companies within the state, strictly in the manner as prescribed by law; so as, and you hereby are directed and commanded, to determine, respectively, as to each said corporation and company, the actual market value of its property within the state of Iowa for the year 1912. And it is further by this court considered, ordered, and decreed that you, the aforesaid defendants, members of the said State Board of Review, be and you hereby are directed, ordered, and commanded then and there forthwith to adjust the valuation of the several classes of property in the several counties of the state of Iowa, strictly in the manner as prescribed by law, by adding to or deducting from the valuation of each kind or class of property such percentage in each case as will bring the same to its value as prescribed by law, that is to say, to its actual market value in the ordinary course of trade, so that the property in the state and of each and every of the several schedules and classes thereof, as fixed and provided by law, shall be valued for the purpose of taxation upon the same basis at their respective market values for the year 1912. And it is further by the court considered, ordered, and decreed that you, the aforesaid defendants, members of said State Board of Review, be and you hereby are directed, ordered, and commanded then and there to certify, in the manner and in the form as prescribed by law to each of the several counties of the state of Iowa, the result of your revaluations and readjustments of valuations, and to make the state levy upon the basis of said readjustment of valuations of the property of the state for the purposes of taxation. And it is further by the court considered, ordered, and decreed that you, the aforesaid defendants, members of said State Board of Review, be and you are hereby directed, ordered, and commanded in performing and discharging your said several duties to proceed strictly as prescribed by law, that is to say: You are hereby directed, ordered, and commanded, first, to

obtain the best information obtainable by you and each of
you as to the actual market values of the several classes of
property within said state, and you and each of you will also
inform yourselves, by the best methods available, as to whether
property has been and is being and is now valued for pur-
poses of taxation at less than its actual market value, and
whether farm lands are assessed at a less average percentage
of their actual value than are town and city lots and real
estate, and whether railway, telegraph, telephone, and ex-
press properties have been and are assessed at a less percent-
age than their respective actual market values, and whether
any or either of the several other classes of property within
said state are assessed at a less percentage than their respec-
tive actual market values. And it is further by the court
considered, ordered, and decreed that you, the aforesaid de-
fendants, members of said State Board of Review, be and
you are hereby directed, ordered, and commanded that at
your next annual meeting in July, 1913, and at all of your
subsequent annual meetings as prescribed by law, for the
valuation of railway, telegraph, telephone, and express prop-
erties within the state, and the adjustment of valuations for
taxation of the property and the several classes thereof of
the several counties of the state; that you do proceed first to
inform yourselves as to the actual market values of said sev-
eral classes of properties, and to value and to adjust the
valuations of the same strictly in the manner and form as
prescribed by law, so that each and every class of property
within said state shall be assessed by you at its actual market
value and not less. And it is further by the court considered,
ordered, and decreed that a peremptory order of mandamus
forthwith issue herein directed to you, the aforesaid defend-
ants, members of said State Board of Review, commanding
you and each of you to proceed in your duties aforesaid,
whilst acting as, and in your capacity of, said State Board
of Equalization and Review, strictly in the manner pre-
scribed by law and enjoined in this decree; and said peremp-
tory order of mandamus shall be returnable herein on or be-
fore August 1, 1913.

Appeal was taken May 15, 1913, but no supersedeas or
restraining order was obtained from this court or any of
the judges thereof. It is conceded by all parties that the

new executive council met at the time fixed by law, to wit, on the second Monday of July, 1913, and proceeded to act according to law and the provisions of this decree as they understood it; and, in the absence of some showing to the contrary, it must be assumed that they did so act, for they were so commanded by the order, and it will also be assumed that they observed the obligations of their oaths of office. The decree requiring them to so act in all subsequent proceedings was probably unauthorized and without authority of law; but as it commanded the doing of nothing more than their official duties, save as it assumed to control discretionary and purely procedural matters, it may be treated as a nullity.

As we view the case nothing is presented by this appeal save some moot questions, and perhaps an order as to the costs of the case. The action as originally brought was to

1. MANDAMUS: officers: substitution of parties: applicability of pleadings.

compel the then board to reconvene and to revalue property already assessed and equalized by them; but the decree did not so provide, and there was no attempt made to secure such revaluation. The present defendants, when they were brought into the case by substitution, were bound only by the allegations of the petition which were applicable to them, and it appears that three of the four members of the new council, against whom the decree was entered, had never had occasion to act as members of the Board of Review, and the only allegation against them was as follows:

That since the commencement of this cause and the hearing and decision of the same upon demurrer the defendant Beryl F. Carroll has ceased to be Governor of Iowa, and that Geo. W. Clarke has since become and now is the Governor of the state of Iowa; that since the commencement of this cause and the decision of the same upon demurrer, the defendant Wm. C. Hayward has ceased to be Secretary of State of Iowa, and that Wm. S. Allen is now the Secretary of State; that since the commencement of said cause the hearing and deci-

sion of the same upon demurrer, the defendant Willison W. Morrow has ceased to be Treasurer of the state of Iowa, and that W. C. Brown is now the Treasurer of the state of Iowa; that said original defendants have refused and do refuse to further plead in said suit, but have elected and do elect to stand upon their demurrer heretofore filed herein, and that this plaintiff will ask and move the court to enter judgment in favor of the plaintiff upon the order overruling defendants' demurrer to the petition of the plaintiff, but that in order that said judgment and order be efficacious, it should be as to and against the persons who now fill and occupy the offices respectively referred to herein.

There is nothing here to indicate that these defendants were refusing to do their duty or to perform any ministerial or other act in the premises. It seems to be very well settled that mandamus will not be granted in anticipation of a supposed omission of duty, and mere statements of a purpose not to perform will not take the place of such default. *Mystic Co. v. Temple R. R. Co.*, 131 Iowa, 10; *Chance v. Temple*, 1 Iowa, 180; *Potts v. Tuttle*, 79 Iowa, 253; *State v. School Dist.*, 8 Neb. 92; *State v. Gracey*, 11 Nev. 223; *Ex parte Ivey*, 26 Fla. 537 (8 South, 427); *Wood v. Farmer*, 69 Iowa, 533; *Spiritual Society v. Randolph*, 58 Vt. 192 (2 Atl. 747). In the latter case the court said:

The petition also prays that the writ be issued against the 'successors in office' of the defendants, directing them in the future, so long as the petitioner is entitled, to award to the petitioner its proper share of said fund. In other words, the court is asked, in advance of any neglect of duty by officers not yet elected, and who, when elected, for aught that appears, may do all that the petitioner may ask, to make a standing order that they divide this fund in compliance with the petitioner's claim. This plainly cannot be done. There are no persons in existence to whom to direct the writ. The presumption, in the absence of proof to the contrary, is that officials charged with the performance of an official duty will perform it properly. There is no neglect of duty, therefore, which in this class of cases is the ground and reason for the issue of the writ.

The fourth division of the decree seems to us to be much broader than can be justified under any rule of law with which we are familiar. Save as to an original assessment of railways, etc., the State Board of Review had no other duty than to equalize the assessments among the several counties of the state. · It had no power, as we understand, to make original assessments in any of the counties, or to generally increase the assessments in each and all of the counties. Its sole duty, as we understand it, in this respect, was to equalize among the several counties. *Montis v. McQuiston,* 107 Iowa, 651.

**2. SAME: assessment of property: equalization: duty of executive council.**

The duty of fixing the valuation on particular pieces of property rests primarily on the assessor. See section 1354 of the Code, as amended by chapter 85, Acts 33d G. A.; and the State Board had no other duty than to equalize among the several counties of the state. The case was decided in the lower courts before the passage of chapter 13, Acts 35th G. A., and we have no occasion now to consider the effect of that act.

**3. SAME.**

The duty of equalizing township and town assessments rests upon the county board of review, and it has no power to raise or to lower individual assessments. That duty rests upon the township or city or town board.

The power of the State Board is in this respect something more than ministerial in character. It involves judgment and discretion which cannot, as a rule, be controlled by the courts. Surely the courts cannot interfere in any event in the absence of collusion or fraud, and as to the present defendants no such charge is made. The defendants each excepted to the decree rendered against them, and we think it was not justified under the facts as pleaded, in so far as it affected these defendants. *State v. Savage,* 65 Neb. 714 (91 N. W. 716); *State Board v. People,* 191 Ill. 528 (61 N. E. 339, 58 L. R. A. 513).

**4. SAME: power of executive council.**

These conclusions render it unnecessary to decide many of the perplexing questions raised by counsel in argument regarding the right of the plaintiff to sue; of the defendants to be sued; of the right of the courts to control the action of the Chief Executive while acting as a member of the Board of Review, and other incidental matters.

While the present defendants were brought into the case and stood upon the demurrer theretofore filed by their predecessors, they did not admit any fact not properly pleaded as against them. They did not, by coming into the case, assume any of the faults of their predecessors, and cannot be held liable save upon allegations made against them. The court in passing the final decree was not justified in rendering a decree which was without support in the allegations made against these appealing defendants. Without reference to the merits of the demurrer filed by their predecessors, no decree should have been entered against them, save it had support in the allegations of the petition. Code, section 3,565; *Brown v. Mallory,* 26 Iowa, 469; *Musser v. Hobart,* 14 Iowa, 248.

It is very clear to our minds that the trial court was in error in entering the decree which it did, and that it should be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Our only doubt arises out of the conceded fact that the defendants have acted presumably in accord with the decree as entered, and the question presented may be said to be largely a moot one. But in view of the fact that some attempt may be made to enforce the peremptory order returnable August 1, 1913, by process of contempt or otherwise, it has been deemed advisable to consider the merits of the decree as entered, with the results heretofore indicated. The decree will therefore be—*Reversed.*

Ladd, C. J., and Gaynor and Withrow, JJ., concurring.