**SEARS, ROEBUCK & CO. v. RODDEWIG et al.**

No. 4646.

District Court, S. D. Iowa, Central Division.

Aug. 29, 1938.

Joseph G. Gamble, of Des Moines, Iowa (Ralph L. Read, Alden B. Howland, and Joseph F. Rosenfield, all of Des Moines, Iowa, on the briefs), for complainant.

Charles Bookin, Sp. Asst. Atty. Gen., and Charles W. Wilson, Asst. Atty. Gen. (John M. Mitchell, Atty. Gen., on the briefs), for defendants.

Before SANBORN, Circuit Judge, and DEWEY and BELL, District Judges.

DEWEY, District Judge.

This suit came on for hearing in open court at Des Moines, Iowa, on June 20, 1938, before a statutory three-judge court duly assembled, to hear the application for a temporary injunction. By agreement the motion to dismiss was submitted to be determined at the time the court considered the evidence on the merits. Evidence was introduced, arguments had and on June 21, 1938, also by agreement, the suit was submitted to be determined, subject to the motion, as a final hearing.

The court is abidingly convinced that the suit will have to be dismissed for lack of jurisdiction presented in the motion, but for the purpose of perfecting the record in the event an appellate court would care to pass upon the merits, this court by reference makes the following findings of fact:

## The Facts.

Part of the evidence was by stipulation and those facts are accepted as established facts in the case. Oral and record evidence was also introduced and there is little, if any, dispute in that evidence. Also, to shorten the record, the court adopts as its findings of fact the following facts which were at the suggestion of the court kindly presented by the parties. Of these facts in the nature of requested ·findings of fact, we adopt the following submitted by the complainant and of record in the case:

Paragraphs or Items 1, 2, 4, 5, 7, 8, 9 and 10.

We also adopt as true and correct the copy of the Personal Property "Use Tax" Act attached to complainant's original petition and marked Exhibit A.

The short facts are:

The complainant is a corporation organized under the laws of the State of New York, engaged in the business of retail merchandising. For many years it had sold property under a catalogue system of advertising its wares by mail through its principal operating office in the city of Chicago, Ill. Later it established retail stores and now has in the State' of Iowa approximately 13 retail establishments, but conducts its mail order business as heretofore. Its main distributing places of business for such sales by catalogue are at Chicago and Minneapolis, Minn. The method of its mail order sales is set out in a stipulation and agreement of facts, as follows:

"Type 3. Mail Order Sales. In this type of sale the purchaser, a resident or person in Iowa, after preparing his order or having it prepared for him, sends to one of complainant's mail order establishments located outside of Iowa a written order for the purchase and delivery to him in Iowa of one or more items of tangible personal property listed and priced in complainant's mail order catalogue, the order being accompanied by the remittance of the purchase price plus transportation charges, and the means of transportation being customarily specified by the purchaser. The order is accepted or rejected, as the case may be, at the mail order establishment of complainant which receives the order; and if the order is accepted it is filled by the direct shipment of the property purchased from said mail order establishment to the purchaser in the State of Iowa, delivery being accomplished through the United States mails or some common carrier of goods, such as specified by the purchaser."

In 1937 the State of Iowa reenacted a retail sales tax act, Acts 47th Gen.Assem. Iowa, c. 196, which was effective by publication on April 1, 1937, providing for a tax of 2 per cent. on sales of tangible personal property made within the State of Iowa, and the same general assembly also passed as a complement thereto a "Use Tax" Act, Acts 47th Gen.Assem. Iowa c. 198, effective by publication on April 16, 1937. This latter act provides for a similar tax to that provided by the sales tax in amount on the use of any tangible personal property purchased on or after the effective date of the Act, but exempts from such tax property which has already paid the tax to Iowa or any other state with respect to its sale and use. Section 8 of the Act provides as follows:

"Sec. 8. Every retailer maintaining a place of business in this state and making sales of tangible personal property for use in this state, not exempted under the provisions of section three hereof nor collectible under the provisions of section six hereof, shall at the time of making such sales, whether within or without the state, collect the tax imposed by this act from the purchaser, and give to the purchaser a receipt therefor in the manner and form prescribed by the board, if the board shall, by regulation, require such receipt. Each such retailer shall list with the board the name and address of all his agents operating in this state, and the location of any and all his distribution or sales houses or offices or other places of business in this state."

And Section 21 is·as follows:

"Sec. 21. Whenever any retailer maintaining a place of business in this state, or authorized to collect the tax herein imposed pursuant to section nine hereof, fails to comply with any of the provisions of this act or any orders, rules, or regulations of the board prescribed and adopted under this act, the board may, upon notice and hearing as hereinafter provided, by order revoke the permit, if any, issued to such retailer under section eleven (11) of Senate File 316, acts of the Forty-seventh General Assembly, or if such retailer is a corporation authorized to do business in this state under chapter three hundred eighty-six (386), code 1935, may certify to the secretary of state a copy of an order finding that such retailer has failed to comply with certain specified provisions, orders, rules

or regulations. The secretary of state shall, upon receipt of such certified copy, revoke the permit authorizing said corporation to do business in this state, and shall issue a new permit only when such corporation shall have obtained from the board an order finding that such corporation has complied with its obligations under this act. No order authorized in this section shall be made until the retailer is given an opportunity to be heard and to show cause why such order should not be made, and he shall be given ten days notice of the time, place, and purpose of such hearing. The board shall have the power in its discretion to issue a new permit pursuant to section eleven of senate file 316, acts of the Forty-seventh General Assembly, after such revocation."

By Section 22 the Iowa State Board of Assessment and Review is charged with the enforcement of the provisions of the Act.

Sears, Roebuck and Company entered the State of Iowa about the year 1928 and commenced to operate its retail merchandise business therein, and prior to commencing such business duly qualified as a foreign corporation by paying the license fee then exacted in complying with the act as a non-resident corporation.

One of the statutes of the State of Iowa in force at the time complainant entered the State of Iowa provided as follows: "8376. *Legislative control.* The articles of incorporation, by-laws, rules and regulations of corporations hereafter organized * * * shall at all times be subject to legislative control, * * * and every franchise obtained, used, or enjoyed by such corporation may be regulated, withheld, or be subject to conditions imposed upon the enjoyment thereof, whenever the general assembly shall deem necessary for the public good." Code of Iowa, 1935.

The complainant has not attempted to or collected the use sales tax on its catalogue business as described above and has refused to comply with the law insofar as it affects such catalogue business. By reason of such act or failure to act on the part of the complainant, the Iowa State Board of Assessment and Review passed a resolution at its meeting held on the 30th day of March, 1938, wherein, after reciting the failure and neglect of the company to make such collection, it resolved and ordered that Sears, Roebuck and Company comply with the mandatory provisions of Section 8 of the Use Tax Act, file quarterly reports as required by that Act, pay the Board of Assessment and Review within 12 days all use tax due the State of Iowa as required by the act, make available at Des Moines, Iowa, within 12 days its books, papers and records relating to all sales of tangible personal property made by it since April 1, 1937, and fixed the 19th day of April, 1938, as a hearing date, and if at that hearing the Board should find that the company had wilfully failed to comply with the requirements of this order, then the sales permit heretofore issued for operating retail establishments in the State of Iowa will be cancelled, and further provided that the company could appear and show cause at that time why the orders above referred to should not be made.

The company did not appear at that hearing but filed its bill of complaint in this court setting forth reasons wherein it claims that this portion of the use tax act is illegal and void and asked that defendants be enjoined and restrained from entering any order cancelling any sales permit issued to it by reason of any alleged failure to comply with the Iowa use tax law and from making or causing to be made effective the orders set forth in the resolution and order above referred to.

The defendants, as the individual members of the Iowa State Board of Assessment and Review, filed their answer contending that the acts and actions of the Board are legal and that the proceedings had by the Board were legal and proper, deny the right of the complainant for the order requested and separately and with due preservation of their rights move the dismissal of the proceedings on the ground that this court is without jurisdiction to entertain this suit in equity.

### Motion to Dismiss.

We find no merit in the contentions of the defendants for the dismissal of the suit other than on the question of the jurisdiction.

It is apparent that the Board, by attempting to revoke the permits of the complainant, is not trying to collect any tax from any person upon whom the law imposes a tax. It is trying to compel the complainant to account for taxes which the law imposes upon the complainant's mail order customers in Iowa, which the complainant

has not collected and which it contends it is under no obligation to collect.

The questions presented are:

1. Is a suit to enjoin the defendants, who are officials of the State of Iowa, from revoking the complainant's right to do business in Iowa, because of its failure to collect from its mail order customers in Iowa the use taxes imposed upon them, and its failure to account for such taxes, a suit to enjoin the collection of a tax?

2. Can the State of Iowa condition the right of a foreign corporation, admitted to do business in the State, by the requirement that it collect use taxes from residents of Iowa, with respect to sales of goods consummated in other States and constituting interstate commerce?

Section 41(1) of Title 28, U.S.C., as amended August 21, 1937, 28 U.S.C.A. § 41(1), provides that: "* * * Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

▉ Under the laws of Iowa an injunction will lie in equity to restrain the collection of an illegal or void tax. Woodbine Savings Bank v. Tyler, 181 Iowa 1389, 162 N.W. 590; Security Savings Bank v. Carroll, 131 Iowa 605, 109 N.W. 212; Collins v. City of Keokuk, 118 Iowa 30, 91 N.W. 791; Citizens' Nat. Bank v. Murrow, Iowa, 133 N.W. 769; Iowa Nat. Bank v. Murrow, Iowa, 133 N.W. 769; Montis v. McQuiston, 107 Iowa 651, 78 N.W. 704; Olmstead v. Board of Supervisors, 24 Iowa 33.

▉ And a court of equity under the laws of Iowa will enjoin the collection of an illegal tax even though there may be an adequate remedy at law. Smith v. Peterson, 123 Iowa 672, 99 N.W. 552; Ft. Dodge Electric Light & Power Co. v. City of Ft. Dodge, 115 Iowa, 568, 89 N.W. 7.

Indeed, there is no dispute between the parties but that the same suit as here instituted might have been brought as a suit in equity in the courts of the State of Iowa; but complainant insists upon its constitutional right to have the matter heard in the federal courts.

▉ The recent amendment to Section 41 (1) of Title 28, U.S.C., above referred to, is, we think, entitled to a liberal interpretation to carry out its obvious purpose. It would seem that any suit which reasonably falls within the letter or spirit of this amendment should be dismissed for lack of jurisdiction.

Can this suit reasonably be held to be one to enjoin the collection of a tax?

The Act has imposed a tax upon the Iowa mail order customers of the complainant who have received goods and used them. They have not paid the taxes and still owe them to the State. No tax, as a tax, is imposed upon the complainant. No proceeding to collect a tax, as a tax, from it could be maintained. Its obligation to the State, if any, arises from the provisions of the Act requiring it to collect, as agent for the State, the taxes due the State from its mail order customers, and to remit them.

Section 11 of the Act states: "The tax herein required to be collected by any retailer pursuant to sections eight or nine hereof, and any tax collected by any retailer pursuant to said sections, shall constitute a debt owed by the retailer to this state."

▉ It thus appears that the user of the goods is subject to the tax, and the retailer selling the goods to him is obligated to collect the tax and remit it. The purpose of the proceedings by the Board against the complainant is to compel the complainant either to collect from its customers the taxes which the Act imposes upon them, or to pay to the State the amount of such taxes. In that sense, at least, the proceedings of the Board are proceedings to effect the collection of the taxes and this suit is one to enjoin the Board from using one of the methods provided by the Act to enforce the collection of the taxes. A suit to enjoin a tax and a suit to enjoin the use of the means provided by the taxing statute for the collection of the tax would seem to be the substantial equivalents of each other. If a Federal District Court has jurisdiction to enjoin the imposition of the penalties provided in a State statute for failure on the part of a taxpayer or one whose duty it is to collect and remit taxes, it has, as a practical matter, jurisdiction to prevent the collection of the tax. The only practical method which a State has to enforce payment of taxes is the imposition and enforcement of penalties. In a broad sense this may properly be regarded as a suit to enjoin the collection of taxes—al-

though there is much force in complainant's argument that it is merely a suit to prevent the Board from revoking complainant's right to do business in the State because of its justifiable refusal to act as a collection agent for the State with respect to its customers who bought goods and accepted delivery of them in states other than Iowa. Resolving all doubts on the score of jurisdiction in favor of the defendants, because of the evident intent of Congress to deprive the Federal District Courts of jurisdiction to enjoin the collection of State taxes, we feel bound to decide that this Court is without jurisdiction to decide the merits of this controversy.

The revocation of a license to do business in a State does not in all cases, if ever, deprive the licensee of property without due process in violation of the 14th Amendment. U.S.C.A.Const. Amend. 14. Mona-motor Oil Co. v. Johnson, 292 U.S. 86, 97, 54 S.Ct. 575, 579, 76 L.Ed. 1141. Here the threatened penalty is not to cancel but to withhold the license until certain requirements of the Use Tax Act are met.

Assuming that such a power of "withholding" cannot be used to enforce provisions of the Act which are extraterritorial, burden interstate commerce, violate an implied contractual right, or is otherwise illegal, Fidelity & Deposit Co. of Maryland v. Tafoya, 270 U.S. 426, 46 S.Ct. 331, 70 L.Ed. 664; yet it is very evident under the situation here presented the relief if granted would enjoin the Board from seeking to collect a tax. The fact, if it be a fact, that the Board might have pursued some other remedy, such as a suit at law to collect the tax in the State courts, does not prevent the Board from taking some other method provided by the statute to collect the tax if it sees fit to so elect.

Our conclusions find some support in the case of Nevada-California Electric Corporation v. Corbett, D. C., 22 F.Supp. 951, determined by a statutory court in California.

### Conclusions of Law.

As a conclusion of law the suit as here instituted is to prevent the collection of a tax and this court is without jurisdiction to entertain the suit and afford the remedy asked, as complainant has an efficient remedy in equity in the courts of Iowa.

### Order.

It is therefore ordered, that this suit having been submitted on a motion to dismiss, said motion is sustained, the restraining order heretofore issued is annulled, and the suit dismissed on the sole ground that the court is without jurisdiction to entertain the same.