## UNITED PETRO/ENERGY CORPORATION, Plaintiff,

v.

UNITED STATES of America, Lloyd Bentson, Secretary of the Treasury, Margaret Richardson, Commissioner, Internal Revenue Service, and Merlin Heye, District Director, Fort Lauderdale District of the Internal Revenue Service, Defendants.

No. 93–6684–CIV.

United States District Court, S.D. Florida.

March 9, 1994.

A.B. Phillips, Trial Atty., Tax Div., Dept. of Justice, Washington, DC, for defendants.

Theodore F. Brill, Plantation, FL, Carl S. Levine, Carl S. Levine & Assocs., P.C., Roslyn, NY, for plaintiff.

## FINAL ORDER OF DISMISSAL

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Plaintiff United Petro/Energy Corporation's ("Petro") application for a preliminary injunction, filed August 13, 1993, and upon the Defendants United States of America, Lloyd Bentson, Margaret Richardson, and Merlin Heye's ("the Defendants") motion to dismiss, filed January 19, 1994.

The Court held a hearing in the above-styled action on September 21, 1993. Upon due consideration of the record and of the testimony proffered to the Court, and for the reasons stated below, the Court grants the Defendants' motion to dismiss and denies Petro's application for a preliminary injunction.

### BACKGROUND

Petro is a Florida corporation engaged in the business of buying, selling, storing, and marketing petroleum products. As such, it receives transfers of gasoline from refiners, importers, and terminal operators; removes gasoline from petroleum storage terminals; sells gasoline; and stores gasoline in terminals. Petro also owns some of the gasoline stored in terminals. Under the Internal Revenue Code ("the Code"), Petro is subject to a federal gasoline excise tax on these activities unless it is registered with the Secretary of the Treasury, pursuant to 26 U.S.C. § 4101, as a tax-free motor fuel distributor.

Section 4101(a) of the Code provides that: "Every person required by the Secretary to register under this section with respect to the tax imposed by section 4041(a)(1), 4081, or 4091 shall register with the Secretary at such time, in such form and manner, and subject to such terms and conditions, as the Secretary may by regulation prescribe." Under 26 U.S.C. § 4081, a tax is imposed on: (1) the removal of gasoline from a refinery or terminal; (2) the entry of gasoline into the United States for consumption, use, or warehousing; and (3) the sale of gasoline to any person not registered under § 4101. An exception has been made for bulk transfers to or from a terminal if the person removing or entering the gasoline and the operator of such terminal are registered under § 4101. 26 U.S.C. § 4081(a)(1)(B). Registration may be denied if the Secretary determines that the petitioner is using the registration to postpone or interfere with the collection of taxes or if such denial is "necessary to protect the revenue." 26 U.S.C. § 4101(c).

In connection with its purchase and sale of petroleum products and pursuant to the foregoing provisions, Petro applied to the District Director of the Internal Revenue Service for a Certificate of Registration. After requiring additional information from Petro, the District Director denied Petro's application. On August 4, 1993, Petro filed a complaint for injunctive relief against the Defendants based upon the District Director's refusal to issue the requisite certificate. Petro seeks a court order mandating that the District Director issue the Certificate of Registration and enjoining the District Director from refusing to issue such certificate. Petro claims that it has complied with all of the necessary steps under the Code to secure the tax-free certificate but the District Director has arbitrarily refused to grant such certificate.

In response, the Defendants filed a motion to dismiss, alleging that the Anti–Injunction Act, 26 U.S.C. § 7421 ("the Act"), divests the Court of its jurisdiction over this matter, that Petro has failed to establish that injunctive/mandamus relief is an available remedy, and that the Administrative Procedure Act, 5 U.S.C. § 706 ("the APA"), does not afford Petro the relief sought.

### STANDARD OF REVIEW

*Fed.R.Civ.P.* 12(b)(1) permits the presentation, by way of motion, of the defense of lack of subject matter jurisdiction. "A motion to

dismiss for lack of jurisdiction may be decided by the district court on one of three bases: the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ynclan v. Department of Air Force,* 943 F.2d 1388, 1390 (5th Cir.1991) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)).

### DISCUSSION

1. *Jurisdictional Considerations.*

■■■ Petro's Complaint invokes the jurisdiction of this Court under the Federal Mandamus Act ("FMA"), 28 U.S.C. § 1361, the APA, and the Fifth Amendment to the Constitution of the United States. However, neither the FMA nor the APA provide any independent ground for jurisdiction. *See Starbuck v. City and County of San Francisco,* 556 F.2d 450, 459 (9th Cir.1977); *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977), respectively. Moreover, it is unclear how the Fifth Amendment invokes the Court's jurisdiction. Therefore, under the well-pleaded complaint rule, the Court lacks subject matter jurisdiction over this action. *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians,* 999 F.2d 503, 506–07 (11th Cir.1993). Under these circumstances, the proper procedure is to allow the plaintiff to file an amended complaint correcting the jurisdictional defect. However, in the instant case, the filing of an amended complaint would be futile, as the Court finds that this action is barred by the Anti–Injunction Act.

2. *The Anti–Injunction Act.*

The Defendants first assert in their motion to dismiss that the Anti–Injunction Act divests the Court of its jurisdiction over this matter. The Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421. The De-

fendants contend that Petro's suit is essentially an action to enjoin the collection of taxes. Petro argues that it is not seeking to interfere with the tax collection process but is merely trying to obtain a "license" (the Certificate of Registration) to engage in tax-exempt transactions.

■■■ The issue in the instant case is whether the facts alleged sufficiently affect the assessment or collection of taxes to support the invocation of the Act. Petro attempts to make a distinction between an application to be exempt from taxes and an application for a license to engage in tax-exempt transactions. The Court, however, cannot find any such distinction. Moreover, regardless of any alleged distinction, the Act is subject to a liberal construction. *Keese v. United States,* 632 F.Supp. 85, 89 (S.D.Tex. 1985). Here, if Petro is denied the certificate it seeks, it can only engage in the buying and selling of petroleum on a tax-paid basis. However, if it is granted the certificate, it will in fact be operating as a collection and remitting agent for the government, similar to a retail store collecting sales taxes or an employer collecting payroll taxes. Either way, with or without the certificate, the end result is that the collection of taxes will be affected. Accordingly, the Court finds that the facts of this case clearly fall within the letter and spirit of the Act. *Cf. Sears, Roebuck & Co. v. Roddewig,* 24 F.Supp. 321 (S.D.Iowa 1938) (construing "collection of taxes" under predecessor to state tax anti-injunction act, 28 U.S.C. § 1341) (suit to enjoin revocation of permit to engage in retail sales barred by anti-injunction act).

Because the Court finds that the Act applies in Petro's case, it must now determine whether the action falls within the parameters of the only judicial exception recognized under the Act, as announced by the United States Supreme Court in *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), to support the entry of a preliminary injunction.[1] Under the Supreme Court's holding in *Enochs,* the Act does not bar a federal court from exercising jurisdiction over an action to en-

---

1. While there are also several statutory excep- tions to the Act, none apply here.

join the collection of taxes where: (1) if under no circumstances the defendant would ultimately prevail; and (2) the plaintiff would suffer irreparable injury for which there is no adequate legal remedy. 370 U.S. at 6–8, 82 S.Ct. at 1128–30. ·A plaintiff must meet both prongs of this exception else the Court must dismiss the case for lack of subject matter jurisdiction. *Bob Jones Univ. v. Simon,* 416 U.S. 725, 742–48, 94 S.Ct. 2038, 2048–51, 40 L.Ed.2d 496 (1974).

Under the first prong of the *Enochs* test, Petro must demonstrate that the Defendants cannot prevail on the merits even when the facts and law are examined in the light most favorable to the Defendants. *Wuerl v. International Life Science Church,* 758 F.Supp. 1084, 1087 (W.D.Pa.1991). The question of whether the Defendants have a chance of ultimately prevailing is to be determined on the basis of the information possessed by the Defendants at the time of suit. *Enochs,* 370 U.S. at 8, 82 S.Ct. at 1129. The Court finds that Petro has not met its burden under this first prong.

Here, the crucial issue is whether the Code confers discretion upon the Defendants in issuing a certificate. Petro contends that § 4101(a) is non-discretionary on its face, that nowhere in the statute or the regulations thereunder does it specifically grant discretion to the Defendants to accept or deny an application for a certificate. The Court disagrees. Section 4101(a) must be read *in pari materia* with the rest of the statute, including § 4101(c). Section 4101(c), which explicitly adopts the language from § 4222(c), provides that a certificate may be denied if the Defendants determine that such denial is "necessary to protect the revenue." The Court deems such language to be discretionary. Indeed, the language of the statute grants the Defendants extremely broad discretion. In light of this broad discretion, the Court cannot say that under *no* circumstances could the Defendants ultimately prevail in this action. Because Petro has failed to meet the first prong of the *Enochs* exception, the exception does not apply to this action and, thus, the Court need not address the second prong. Accordingly, the Court finds that this action must be dismissed with prejudice for lack of subject matter jurisdiction.

### CONCLUSION

Based upon the foregoing considerations, it is hereby

ORDERED AND ADJUDGED that:

(1) Petro's application for a preliminary injunction is DENIED.

(2) The Defendants' motion to dismiss is GRANTED WITH PREJUDICE.

(3) This action be and the same is hereby DISMISSED.

(4) Any pending motions are DENIED AS MOOT and this case is CLOSED.

DONE AND ORDERED.