**PYRAMID PETROLEUM CORP., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

No. 93 Civ. 6288 (VLB).

United States District Court, S.D. New York.

April 20, 1994.

---

Carl S. Levine, Roslyn, NY, for plaintiff.

David A. Koenigsberg, Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff Pyramid Petroleum Corp. ("Pyramid") was a petroleum wholesaler and retailer which had been granted registration pursuant to 26 U.S.C. § 4101(a) by the Internal Revenue Service under regulations designed to avoid evasion of fuel taxes otherwise due under 26 U.S.C. §§ 4081, 4091. Registration may be denied if the Secretary of the Treasury determines that the petitioner is using the registration to postpone or interfere with the collection of taxes or if such denial is "necessary to protect the revenue." 26 U.S.C. § 4101(c).

Pyramid failed to furnish information required by the IRS concerning changes in ownership and management, including placement as an executive of a person who had recently been supported by public assistance. As a result of this reporting lapse, the IRS revoked the registration of Pyramid. Pyramid seeks injunctive relief requiring the United States to permit Pyramid to act as a registered tax-exempt fuel wholesaler and retailer to protect its ability to continue and in the case of wholesale activity, revive its business despite the revocation.

Under amendments in the Omnibus Budget Reconciliation Act of 1993, 26 U.S.C. § 4081 does not impose a tax on diesel fuel destined for a nontaxable use (such as home heating oil) and indelibly dyed and in compliance with other regulations (58 Fed Reg 63069, 63070–71 [November 30, 1993]). The parties agree that this change makes it no longer necessary for Pyramid to be registered to conduct its retail fuel business, and that aspect of the case is moot.

Under current regulations, however, wholesalers who do not take delivery of fuel and act as traders must pay the tax unless registered under what is known as a Form 637; there is evidence that Pyramid engaged in large transactions of this type, and would accordingly require registration to avoid payment of the tax. See 58 Fed Reg 63070.

Were Pyramid to apply for a new wholesale registration, the IRS takes the position that it "must take into account whether the applicant has been previously penalized for a wrongful act" under proposed regulations reprinted in 58 Fed Reg at 63076. Pyramid contends that this is improper and justifies injunctive relief to protect its ability to conduct wholesale fuel trading business.

Pyramid has moved for a preliminary injunction under Fed.R.Civ.P. 65; the United States has moved to dismiss the complaint; since both parties have submitted factual material which has been considered, that motion is treated as one under Fed.R.Civ.P. 56.

## II

Absent any other statutory barrier, jurisdiction would be available under 28 U.S.C. § 1331 and the Administrative Procedure Act. See *Platsky v. CIA*, 953 F.2d 26, 28 (2d Cir.1991); see also *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).

The United States asks that the case be dismissed by virtue of the Tax Injunction Act, 26 U.S.C. § 7421, which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

This Act has been applied to bar suits challenging denial of permits which would allow nonpayment of a tax. See *United Petro/Energy Corp. v. United States*, 846 F.Supp. 993 (S.D.Fla.1994); *Sears, Roebuck & Co v. Roddewig*, 24 F.Supp. 321 (S.D.Iowa 1938).

The Supreme Court has held the Act inapplicable to a preliminary injunction where it is virtually certain that a plaintiff will prevail on the merits, and plaintiff will suffer irreparable injury for which there is no adequate legal remedy. *Bob Jones University v. Simon*, 416 U.S. 725, 742–48, 94 S.Ct. 2038, 2048–52, 40 L.Ed.2d 496 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

Furthermore, the Supreme Court has found that the circumstances of the enactment of the Tax Injunction Act "strongly suggest that Congress intended the Act to bar a suit only in situations in which Congress had provided the aggrieved party with an alternative legal avenue by which to contest the legality of a particular tax." *South Carolina v. Regan*, 465 U.S. 367, 373, 104 S.Ct. 1107, 1111, 79 L.Ed.2d 372 (1984).

The Court has also held that where a regulatory action extends beyond the scope of the authorizing statute, judicial review is available. *Adamo Wrecking Co v. United States*, 434 U.S. 275, 98 S.Ct. 566, 54 L.Ed.2d 538 (1978); see also *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

Where constitutional questions are presented, the courts also interpret statutory language as permitting them to be considered. *Webster v. Doe*, 486 U.S. 592, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988); *Lindahl v. OPM*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); see also *Philadelphia v. Stimson*, 223 U.S. 605, 619–20, 32 S.Ct. 340, 344, 56 L.Ed. 570 (1912); authorities cited, *United States v. Local 6A*, 832 F.Supp. 674 (S.D.N.Y.1993).

## III

In applying these criteria it is important to remember that Pyramid has not filed an application for renewal of its registration as a wholesale · dealer under the 1993 amendments, nor has the IRS ruled that the former reporting violation would lead to denial or to imposition of an otherwise inappropriate and prohibitively high bond requirement.

Failure to report required information may support substantial penalties if the requirement and penalties are set forth by statute. That is not the case here. But ignoring an administrative reporting requirement may, like other lapses in providing information it is in a party's interest to provide, support an adverse inference against the noncomplying party, provided the requirement for disclosure was clearly disclosed. *Baxter v. Palmigiano*, 425 U.S. 308, 316–20, 96 S.Ct. 1551, 1557–59, 47 L.Ed.2d 810 (1976); *Gray v. Gt. Amer. Recreation Ass'n*, 970 F.2d 1081, 1082 (2d Cir.1992).[1] Such inferences, and other discovery-related violations are, however, ordinarily only fatal to one's case in extreme instances. *Societe Internationale Pour Participations v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

---

1. Concerning the need for regulatory requirements to be disclosed with sufficient clarity to make it likely that those expected to comply will be able to do so, see as persuasive but not binding authority, New York State Administrative Procedure Act § 201 as amended by L.1992 ch. 331: "Each agency shall strive to ensure that, to the maximum extent practical, its rules, regulations and related documents are written in a clear and coherent manner, using words with common and everyday meanings." See also Practicing Law Institute, *Drafting Documents in Plain Language* (1981); New York City Charter ch. 45 § 1043(a).

## IV

There is no reason to assume that the IRS will treat Pyramid's disclosure lapse as fatal to a new application or attach unduly harsh consequences to it unless the agency concludes based on reasonable grounds that the lapse was intended to, or did, hide facts that would lead to denial of registration on the merits.[2] Were the contrary to be the case, it might be questioned whether the action taken would be reasonably considered "necessary to protect the revenue" under the applicable statute; such action might be vulnerable to attack under the authorities discussed in part II above.

Since, however, there is no indication at this time that the IRS will act contrary to the above assumptions, neither probability of success on the merits, irreparable injury, nor a decisive tilt of the equities toward Pyramid can be shown to support granting of a preliminary injunction at this time. See *Paddington Corp. v. Attiki Importers,* 996 F.2d 577 (2d Cir.1993); *Plaza Health Laboratories v. Perales,* 878 F.2d 577, 580 (2d Cir. 1989); *Jackson Dairy v. H.P. Hood & Sons,* 596 F.2d 70, 72 (2d Cir.1979).

Further, given the mootness of Pyramid's complaint concerning vacatur of its retail registration and absent denial of an application for a wholesaler registration under the 1993 amendments, Pyramid's claims are not yet ripe for adjudication. See *Lujan v. Defenders of Wildlife,* —— U.S. ——, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (necessity for actual injury); authorities cited, *Ash Creek Mining Co v. Lujan,* 969 F.2d 868 (10th Cir.1992); *Rivervale Realty Co v. Town of Orangetown,* 816 F.Supp. 937 (S.D.N.Y.1993).

## V

For the reasons set forth above, the case is dismissed without prejudice to renewal should the assumptions made in part IV above prove erroneous; jurisdiction is retained to consider such an application if made. Except as indicated above, the mo-

tions of both parties are denied. The clerk is directed to close this case.

SO ORDERED.

---

2. The merits may, of course, include the degree of risk of tax evasion presented by trading in fuel without taking delivery, on the scale, in the manner and under the conditions carried on or proposed to be carried on by Pyramid. Sources of supply, purchase and sale, destination of the goods, the background of those managing the business and related matters may be pertinent.