■ In the Matter of RIVERVALE REALTY COMPANY, INC., et al., Appellants, v TOWN BOARD OF THE TOWN OF ORANGETOWN, Respondent.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Meehan, J.), entered October 19, 1989 in Rockland County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent adopting a new zoning ordinance.

Petitioners are the owner of unimproved land located in the Town of Orangetown, Rockland County, and one of its employees. They commenced this CPLR article 78 proceeding to annul respondent's adoption of Local Laws, 1988, No. 5 of the Town of Orangetown (hereinafter Local Law No. 5), which amended its zoning code by, inter alia, reducing the permitted density for development of the subject property. Petitioners contend that respondent failed to comply with the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) in adopting Local Law No. 5. The facts underlying adoption of Local Law No. 5 are set forth in Matter of Magee v Rocco (158 AD2d 53) and need not be repeated. Supreme Court dismissed the petition, holding that petitioners had no standing but that, even if they did, their contentions would fail. Petitioners now appeal.

Initially, we reject any contention that petitioners lack standing *(see, supra,* at 58). Turning to the merits, we disagree that respondent failed to take the required hard look under SEQRA or make a reasoned elaboration for its determination. We specifically do not agree with petitioners that respondent failed to adequately consider potential economic impacts resulting from the rezoning. The environmental reviews which were prepared discuss in some detail the possible ramifications for a variety of economic and environmental factors from the rezoning. Respondent's findings statement acknowledges some adverse economic impacts that would result under the rezoning but specifies various benefits, such as protection of environmentally sensitive areas and decreased traffic and pollution, and mitigating factors, such as reductions in future service requirements including police, fire and education, which would occur under the rezoning. It is apparent from this record that respondent identified the area of petitioners' concern, took the required hard look under SEQRA and made a reasoned elaboration, thereby satisfying its obligations *(see, e.g., Matter of East Coast Props. v City of Oneida Planning Bd.,* 167 AD2d 641).

Nor can we say that respondent's determination to rezone petitioners' property was illegal, arbitrary or an abuse of discretion. Regardless of whether petitioners' property was mistakenly believed by respondent to be watershed property, the record clearly reveals that the rezoning was designed, in large part, to limit future development and preserve open space in a manner consistent with respondent's master plan. This discretionary zoning determination is entirely reasonable and, considering our limited authority to review, must be upheld *(see, supra)*. We reject petitioners' remaining contentions.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.