OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division in each case should be affirmed.
 

 Defendants did not meet their heavy burden of establishing that they were victims of unconstitutional selective enforcement of the penal laws. To establish such a claim, a litigant must show that the law was enforced with both an "unequal hand” and an "evil eye”; "to wit, there must be not only a showing that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification”
 
 (Matter of 303 W. 42nd St. v Klein,
 
 46 NY2d 686, 693;
 
 see, Yick Wo v Hopkins,
 
 118 US 356, 373-374).
 

 Defendants showed only that of the approximately 494 incidents involving possession of dangerous contraband by inmates within the two State correctional facilities located in Cayuga County, the District Attorney prosecuted a total of only 13 cases. Such a showing demonstrates only "the conscious exercise of some selectivity in enforcement” and does not, without more, suggest a constitutional violation
 
 (Oyler v Boles,
 
 368 US 448, 456). Further, although defendants claim that the prosecution’s enforcement choices were based upon an impermissible classification — i.e., offenders who were within 3V2 years of the release dates — only a little more than half (a total of 8) of the 13 prosecuted offenders shared this characteristic.
 

 Defendants have failed to sustain their burden of showing that there was no rational basis for the prosecutorial choices.
 
 *1000
 
 Indeed, since inmates with considerable time left to serve may be effectively penalized through the prison rehabilitative and disciplinary systems, it makes sense to limit the use of scarce prosecutorial resources to the prosecution of inmates who will soon be leaving the jurisdiction of the correctional system. Moreover, inmates with continuing criminal propensities who are nearing their mandatory release dates pose a greater threat to society than those who can be expected to remain within prison walls for extended periods. Finally, the threat of prosecution will obviously have a greater deterrent effect on those who are closest to release than on the latter class of inmates.
 

 For these reasons, it cannot be said that proximity to release date is an irrational or facially suspect criterion in the same sense that criteria based on race or religious affiliation would be. Accordingly, defendants have failed to demonstrate that the People’s prosecutorial decisions were made with an "evil eye,” the core element of unlawful selective enforcement, and their claims were properly rejected.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 In each case: Order affirmed in a memorandum.