■ MASI MANAGEMENT, INC., Appellant, v TOWN OF OGDEN et al., Respondents. (Appeal No. 1.) [710 NYS2d 289] —Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Dismiss Pleading.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.

■ MASI MANAGEMENT, INC., Appellant, v TOWN OF OGDEN et al., Respondents. (Appeal No. 3.) [709 NYS2d 734] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion to dismiss the complaint for failure to state a cause of action (see, CPLR 3211 [a] [7]). Plaintiff was the contract-vendee of a 52-acre parcel in defendant Town of Ogden (Town), which was classified as two-family residential (R-2). At the urging of members of defendant Planning Board of Town of Ogden (Planning Board), plaintiff revised its plan to develop the parcel as a multi-use project by replacing rental duplex units with patio homes. Plaintiff submitted an application to rezone the parcel to permit single family homes, patio homes, an apartment complex and a retail/ office building. Shortly thereafter, a local competing developer submitted an application to rezone a 50-acre parcel from an R-2 classification to a senior citizen housing district classification; the developer's plan included single family patio homes, both to rent and to own, and three apartment buildings. Plaintiff, in an effort to expedite the approval process, modified its application by substituting duplex units for patio homes, thereby complying with the existing R-2 classification for a portion of the subdivision plan. Plaintiff's application was denied with prejudice. Moreover, the Town Board, whose members plaintiff has sued, eliminated all R-2 classifications within the Town with the exception of two: a parcel owned by a Planning Board member and another parcel owned by the competing developer. Approximately two weeks later, the Town Board adopted a local law classifying the parcel owned by the competing developer as a senior citizen housing district.

Plaintiff commenced the instant action seeking compensatory and punitive damages, alleging that its rights protected by the Federal and State constitutions were violated by the actions of defendants. Plaintiff alleged that defendants intended to prevent it from developing the parcel and did so by eliminating the R-2 classification; thwarting plaintiff's efforts to obtain a public hearing on the application for a multi-use project; providing misleading information to plaintiff; and assisting the competing developer by expediting the approval of his application. Plaintiff further alleged that the fact that the attorney for the competing developer was married to a Town Board member supports its allegations that defendants acted maliciously with the intent to injure plaintiff.

Assuming, arguendo, that plaintiff and the competing developer were similarly situated, we reject the contention of plaintiff that defendants violated its rights to equal protection under the United States and New York Constitutions. Plaintiff failed to demonstrate that defendants acted " 'with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances' " (*Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686, 693, quoting *Yick Wo v Hopkins,* 118 US 356, 373-374), or that "defendants maliciously singled out its application * * * [for a multi-purpose project] with the intent to injure [plaintiff]" (*Crowley v Courville,* 76 F3d 47, 53; *see also, People v Blount,* 90 NY2d 998, 999).

The further contention of plaintiff that defendants violated its Federal due process rights is without merit. Plaintiff does not have " 'a legitimate claim of entitlement' " (*Crowley v Courville, supra,* at 52) to the continuation of the R-2 designation of the parcel, a permit to build duplex units, or the reclassification of the parcel. The decision of the Town Board to rezone a parcel is discretionary (*see, Matter of Rivervale Realty Co. v Town Bd.,* 170 AD2d 762, 763), and the Town Board exercised its discretion to deny plaintiff's application and to approve the application of the competing developer, whose plan met the Town's legitimate interest in providing senior citizen housing, without duplex units (*see, Crowley v Courville, supra,* at 52). Furthermore, plaintiff had no vested right to the existing R-2 classification (*see, DLC Mgt. Corp. v Town of Hyde Park,* 163 F3d 124, 130-131; *see also, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 77 NY2d 114, 122). Plaintiff urges us to adopt the standard used by the Court of Appeals for the Third Circuit in *Sameric Corp. of Delaware v City of Philadelphia* (142 F3d 582, 590-591) and determine that actions by defen-

dants that were motivated by bias, bad faith or other improper motive deprived plaintiff of its substantive due process rights. However, in interpreting New York State law, the Court of Appeals for the Second Circuit in *DLC Mgt. Corp. v Town of Hyde Park (supra,* at 131) determined that, although plaintiff in that case had been treated "shabbily and unfairly," plaintiff lacked a "legitimate claim of entitlement to the * * * zoning classification." We agree with that court's conclusion that, if due process protection were expanded as plaintiff urges, "any owner of zoned land, which presumably includes the vast majority of landowners, would be entitled to assert a claim * * * alleging a substantive due process violation each time a local governing body rezoned * * * land under questionable or unfair circumstances" (*DLC Mgt. Corp. v Town of Hyde Park, supra,* at 131). Plaintiff concedes that there is no precedent to apply the protection of the rights and privileges clause of the New York Constitution (article I, § 1) to land use regulations, and we decline to do so. Finally, were we to reach the merits of defendants' motion seeking, in the alternative, summary judgment, we would conclude that defendants established their entitlement to judgment as a matter of law and that plaintiff failed to raise an issue of fact (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from Judgment of Supreme Court, Monroe County, Fisher, J.—Dismiss Pleading.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.