Matter of M.B. (2004 NY Slip Op 51496(U))

[*1]

Matter of M.B.

2004 NY Slip Op 51496(U)

Decided on October 18, 2004

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 18, 2004

Family Court, Nassau County
In the Matter of M.B. (dob ), A Person Alleged to be a Juvenile Delinquent, Respondent.
D

Richard S. Lawrence, J.
Respondent moves this Court by way of notice of motion for various relief as follows:
1. permitting the trial part to conduct an identification hearing (Wade hearing) and dismissing the charges if the identification led to the arrest;
2. permitting the trial part to conduct a Huntley hearing to determine the question of voluntariness and admissibility of any statements allegedly given by the Respondent;
3. dismissing the petition in the interests of justice pursuant to Criminal Procedure Law §170.40(1)(e);
4. dismissing the "information," pursuant to Criminal Pro-cedure Law §170.35 (1)(a);
5. directing the Deputy County Attorney to make available to Respondent all items pursuant to Criminal Procedure Law §240.20, and if the Deputy County Attorney fails to do so, for an "automatic
preclusion without necessity for further motion;" and
6. such other and further relief as this Court deems appropriate.
The petition alleges the following:
Making Graffiti, §145.60(2) of the Penal Law, an
 A Misdemeanor (8 counts);
Attempted Making Graffiti, §110/145.60(2)of the Penal Law, a
B Misdemeanor (8 counts);
Possession of Graffiti Instruments, §145.65 of the Penal Law,
a B Misdemeanor;
[*2]
Criminal Mischief in the Fourth Degree, §145.00(1) of the
Penal Law, an A Misdemeanor (8 counts);

Attempted Criminal Mischief in the Fourth Degree, §110/145.00(1)of the Penal Law, aB Misdemeanor (8 counts).
Respondent alleges that he was subjected to two improper "show-ups," and deals at length with the alleged facts as to each of the two "show-ups." Regarding this, the Presentment Agency argues that any "show-up" was proper, but concedes that the papers are sufficient to generate a Wade hearing. U.S. v Wade, 388 US 218 (1967).
Respondent further alleges that his alleged statement was taken improperly and/or illegally. Regarding this, the Presentment Agency concedes that the papers are sufficient to generate a Huntley hearing. People v Huntley, 15 NY2d 72 (1965).
Respondent refers to Criminal Procedure Law §170.40(1)(e) which states that a criminal information may be dismissed where the Court finds "any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;" and he further alleges that there has been a selective and/or discriminatory prosecution and a denial of equal protection under the law.
The petition alleges that the Respondent, in concert with others, drew pornographic pictures, various words, and derogatory ethnic words upon a series of automobiles and private homes.
Apparently there were three (3) persons involved in the incidents alleged, including this Respondent's co-respondent and an additional person who apparently is not currently the subject of any juvenile proceeding. This Respondent alleges that the failure to prosecute that third individual should result in a dismissal of
this petition. For purposes of this motion, and assuming all of this to be true, this Court finds that the failure to prosecute is not such an "exceptionally serious misconduct of law enforcement personnel" such as would warrant a dismissal of this petition.
The Respondent bears a very heavy burden to establish that he is the victim of an unconstitutional selective enforcement of the Penal Law. To prima facie establish such a claim, [*3]the litigant must show that the law has been enforced upon two people with an "unequal hand" and also with an "evil eye;" that the law has not been applied to others similarly situated; and that "the selective application of the law was deliberately based upon an impermissible standard such as race, religion, or some other arbitrary classification." Matter of 303 W. 42nd St. V Klein, 46 NY2d 686, 693 (1979); see Yick Wo v Hopkins, 118 US 356, 373-374 (1886); People v Acme Markets, 37 NY2d 326 (1975); People v Goodman, 31 NY2d 262 (1972), rehearing den'd 32 NY2d 705 (1973).
The Respondent further has the burden of showing "that there was no rational basis for the prosecutorial choices." People v Blount and People v Rodriguez, 90 NY2d 998 (1997).
The Respondent has failed to meet his burden in this regard.
Respondent further moves to dismiss pursuant to Criminal Procedure Law §170.35, upon the ground that the "information" is defective. Respondent relies upon a provision of the Criminal
Procedure Law which is inapplicable to this proceeding. A virtually identical statute, however, is found in Family Court Act §§311.1 and 311.2.
FCA §311.2 states that a petition is "sufficient on its face when"...
 3.non-hearsay allegations of the factual part of
the petition or of any supporting depositions
establish, if true, every element of each crime
charged and the respondent's commission thereof.
The Court notes that Respondent's supporting affirmation contains general allegations only, without specific reference to any of the fourteen (14) supporting depositions. It is not up to this Court to cull through every deposition in order to specifically "tie" each to any of the specific allegations of the petition. However, the Court has reviewed all fourteen depositions and finds that, in fact, the petition is in conformance with the above-cited provisions of the Family Court Act.
Respondent further requests that the Presentment Agency make available certain specific evidentiary material. In its affirma-
tion in opposition, the Presentment Agency advises as to photographs taken of the graffiti, which may be viewed by counsel at any mutually convenient time. Regarding the request for "any notes, memoranda or any other indicia of the interviews about or with the uncharged person," the Presentment Agency declines to make such material, even if it exists, available to Respondent. [*4]The Court has reviewed all applicable provisions of the Family Court Act, including §§330.1 and 331.2, and finds that such material is not discoverable, unless it is Brady material. Brady v Maryland, 373 US 83 (1963).
Regarding Respondent's last demand for "any and all evidence favorable to the defense," the Presentment Agency is aware of its Brady and FCA §331.5(4) duties regarding its continuing obligations.
Respondent's reply affirmation alleges that the necessary element of intent has not been shown, and that the element of intent is missing in the supporting depositions. Intent need not be express, and may be inferred from the acts alleged. See People v Borrero, and People v Lugo, 26 NY2d 430 (1970) and People v Getch and People v Marr, 50 NY2d 456 (1980).
Respondent further alleges that a necessary element of the crimes alleged is "damage," which has not been shown, and that since allegedly there was no damage to the property, as the graffiti markers allegedly used were water-based and could be easily washed off, that therefore there could not be any damage to the property of the various complainants. This is a matter of fact to be determined at the fact-finding hearing and cannot be determined upon motion papers. Accordingly, this branch of the motion is denied.
Respondent further states that he joins in the co-respondent's motion and that any relief requested by the co-respondent also be deemed relief requested by this respondent.
This request is unknown to our practice, especially in matters such as this, where the facts as to the taking of any statements and identification questions are virtually always different with respect to each co-respondent. Accordingly, and since there is no specific request and legal argument before this Court for any relief not specifically addressed in this motion, such other relief is denied.
Lastly, Respondent requests that there be "automatic preclusion without necessity for further motion" if the Deputy County Attorney has not made available any of the required statutory evidentiary material. The Court notes that Respondent does not refer to any authority which would allow such a request, and in any event, this Court denies that demand.
Accordingly, it is
ORDERED that a Huntley and a Wade hearing with respect to this Respondent shall be held before this Court at 2:00 p.m. on
October 29, 2004.
This constitutes the Decision and Order of this Court upon the motion.
[*5]
Dated: Westbury, New York
 October 18, 2004
 E N T E R:
 
 HON. RICHARD S. LAWRENCE, J.F.C.
Pursuant to Section 1113 if the Family Court Act, an appeal from this order must be taken within 30 days of receipt of the order by appellant in Court, 35 days from the date of mailing by the Clerk of the Court, or 30 days after service by a party or the law guardian upon the appellant, whichever is earliest.
Check applicable box:
 Order mailed on [specify date(s) and to whom mailed]: / 
 Order received in Court on [specify date(s) and to whom given]: /